**SO ORDERED.**

**SIGNED this 13 day of August, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

    RONALD R. KELLEY,

        Debtor.                                              Case No. 07-02606-8-JRL
                                                                    Chapter 7

_____

### ORDER

On July 19, 2007, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. The debtor has filed the Official Form 3B to waive the filing fee in this case.

The debtor bears the burden of showing that the application should be granted. *Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* ¶ II.A.6 (August 11, 2005), *available at* http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html [hereinafter Interim Procedures]; In re Spisak, 361 B.R. 408, 412 (2007); In re Burr, 344 B.R. 234, 236 (Bankr. W.D.N.Y. 2006); In re Nuttall, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005). The court may waive the filing fee if: (1) "the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised

annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved" and (2) the debtor "is unable to pay that fee in installments." 28 U.S.C. § 1930(f)(1).

Section 673(2) of the Omnibus Budget Reconciliation Act of 1981 requires the Secretary of the Department of Health and Human Services ("DHHS") to update the poverty guidelines annually. 42 U.S.C. § 9902(2). The 2007 Poverty Guidelines for the 48 contiguous states and D.C. shows $10,210.00 as the applicable guideline for a family of one person, such as the debtor. 72 Fed. Reg. 3147 (Jan. 24, 2007). Calculating 150 percent of the guideline yields $15,315.00.

Neither the statute nor DHHS sets forth a definition of "income" for making this comparison. 11 U.S.C. § 1930(f)(1); Interim Procedures, ¶ II.A.3 n.3  However, the Judicial Conference of the United States has clarified in its Interim Procedures that "[t]he income for comparison to the poverty guideline is the "Total Combined Monthly Income" as reported (or as will be reported) on Line 16 of Schedule I" as opposed to the debtor's gross monthly income. Interim Procedures, ¶ II.A.3. This does not include "non-cash governmental assistance" such as food stamps. Id. The debtor has reported his total combined monthly income to be $1048.00, which is $12,576.00 annually. This is below the 150 percent threshold. Therefore, the debtor meets the first factor of the test.

Secondly, the court must consider whether the debtor is able to pay the fee in installments. This requires the court to look at the "totality of the circumstances." Interim Procedures, ¶ II.A.5; In re Lineberry, 344 B.R. 487, 493 (Bankr. W.D. Va. 2006); In re Kauffman, 354 B.R. 682, 685-86 (Bankr. D. Vt. 2006). The Interim Procedures states that "Official Form 3B elicits information relevant to this determination."

The debtor works in the area of sales and has been employed by Target for four years. As

set forth on Official Form 3B, the debtor's reported total combined monthly income is $1,048.00, and his reported monthly expenses are $1,048.00, leaving no excess income if his expenses are reasonable. In weighing the totality of the circumstances, the standards of the Internal Revenue Service ("IRS") are useful benchmarks for determining the reasonableness of the debtor's expenses. In re Davis, __ B.R. ___, 2007 WL 2172788 at *3 (Bankr. W.D. Va. 2007); In re Nuttall, 334 B.R. 921, 924 (Bankr. W.D. Mo. 2005). The debtor's Schedule J reflects that he spends a combined monthly total of $567.00 on housing (including homeowner's insurance) and utilities. The debtor lists his residential address as being in Lenoir County, North Carolina. However, he owns a house and lot subject to a BB&T mortgage in Wayne County, North Carolina. It is not clear from the debtor's Schedule I whether his total monthly housing and utility expenses are attributable to the La Grange location, Goldsboro location or both. The IRS Local Standards for housing and utilities in Lenoir County and Wayne County for a family of two or less are $927 and $954, respectively. INTERNAL REVENUE SERVICE, HOUSING AND UTILITIES ALLOWABLE LIVING EXPENSES, *available at* http://www.irs.gov/businesses/small/article/0,,id=104831,00.html. The debtor's housing and utility expenses clearly fall below both of these standards. Next, the debtor reports spending $100.00 monthly on food. The IRS National Standard for food for one person based on the debtor's gross monthly income of $1,330.00 is $232.00. INTERNAL REVENUE SERVICE, NATIONAL STANDARDS FOR ALLOWABLE LIVING EXPENSES, *available at* http://www.irs.gov/businesses/small/article/0,,id=104627,00.html. The debtor's food expense falls considerably below the IRS standard. The debtor allocates nothing towards clothing, housekeeping supplies, personal care supplies, medical expenses, recreation or other miscellaneous items. As for transportation, the debtor spends $227.00 on monthly installment payments. The IRS National

3

Standard for a first vehicle is $471.00, so the debtor's expense is below that standard. INTERNAL REVENUE SERVICE, ALLOWABLE LIVING EXPENSES FOR TRANSPORTATION, *available at* http://www.irs.gov/businesses/small/article/0,,id=104623,00.html. The debtor spends a total of $154.00 in vehicle operating expenses, including insurance and transportation costs. For the Southern Region, the IRS standard for operating expenses and/or public transportation costs with one vehicle is $260.00. Id. Again, the debtor's operating expenses fall below that standard. The court finds that the debtor's monthly expenses are reasonable, and there are no apparent expenses to be curtailed.

The debtor has paid his attorney $547.00 and has promised to pay him an additional $500.00. However, "[a] debtor is not disqualified for a waiver of the filing fee solely because the debtor has paid (or promised to pay) a bankruptcy attorney, bankruptcy petition preparer, or debt relief agency in connection with the filing." Interim Procedures, ¶ II.A.5.

Next, the court considers the debtor's assets. The debtor values his 2002 Kia Sportage EX 4DR 2X2 at $8,640.00 and reports that he owed $8,942.00 on the vehicle as of the petition date. Thus, there is no equity in the vehicle. The debtor values his household goods and furnishings at $4,075.00, and he is claiming an exemption in this property, pursuant to N.C. Gen. Stat. § 1C-1601(a)(4), for the full amount of their value. The debtor values his clothing at $200.00, and he is claiming an exemption in this property, pursuant to N.C. Gen. Stat. § 1C-1601(a)(4), for the full amount of its value.

Counsel cannot encourage a debtor to incur new debt in contemplation of bankruptcy. 11 U.S.C. § 526(a)(4). Courts, however, consider whether a debtor has exempt property that could be liquidated for purposes of making installment payments of the filing fee. In re Spisak, 361 B.R. 408,

4

414 (Bankr. D. Vt. 2007). In Robinson, the court concluded that three debtors could make post-petition installment payments of the applicable filing fee by borrowing against or liquidating exempt assets. In re Robinson, No. 06-40288, 2006 WL 3498296 at *6 (Bankr. S.D. Ga. Jul. 19, 2006). The Robinson court appeared to consider whether the assets were essential in making its determination; for example, two of the debtors had additional unencumbered vehicles. *See* In re Spisak, 361 B.R. 408, 414 (Bankr. D. Vt. 2007)(discussing In re Robinson, No. 06-40288, 2006 WL 3498296 at *6 (Bankr. S.D. Ga. Jul. 19, 2006)). Here, the court finds the debtor's clothing, household goods, and furnishings to be essential items.

The court does, however, question the essentiality of the home and lot located at 1505 Old Grantham Road, Goldsboro, Wayne County, North Carolina 27530, and the applicability of the exemption in that property. The debtor reports the value of the property as $75,920.00 subject to a mortgage debt of $46,486.00, leaving $29,434.00 in equity. The debtor is claiming an exemption in this property, pursuant to N.C. Gen. Stat. § 1C-1601(a)(1), in the amount of $18,500.00; however, the debtor reports his residence as 301 Water Oak Drive, La Grange, Lenoir County, North Carolina 28551. If the Wayne County property is not the debtor's residence, the debtor is not entitled to the $18,500.00 property exemption. N.C. Gen. Stat. § 1C-1601(a)(1). Whether the debtor is entitled to the property exemption under § 1C-1601(a)(1) will largely affect the trustee's decision as to whether selling the property is in the best interest of the estate. Certainly, if this property is sold by the trustee, there will be funds available to pay the filing fee.

In order for the debtor to meet his burden of showing that the fee waiver is warranted, the debtor shall provide supplemental information to the court within seven days of entry of this order regarding the nature of the Wayne County property and why the exemption under § 1C-1601(a)(1)

5

is applicable. The court will consider that supplemental information in weighing the totality of the circumstances.

END OF DOCUMENT